In the Matter of Israel Finkel, an Attorney, Respondent.

First Department, May 29, 1936.

*Einar Chrystie*, for the petitioner.

*Murray L. Gilman*, for the respondent.

Martin, P. J. The respondent, after hearings duly had before an official referee, has been found guilty of the charge of obtaining the dismissal of an appeal by false and misleading statements in his moving affidavit.

An action was brought by Evelyn Koffer against Ben Wellman and Boris Wellman, doing business as The Wellman Bindery, to recover the sum of $310. The plaintiff therein was the assignee of the Bookbinders Trade Association, whose general director

was Mr. Alexander Schwartz, an attorney. The plaintiff's attorney in the action was Mr. Maximillian Bader who had an office in the suite occupied by Mr. Schwartz and the Bookbinders Trade Association. The respondent appeared as attorney for one of the defendants and his office associate, Mr. Elias N. Nathanson, appeared for the other, the intention being to secure two bills of costs if the defendants were successful. The action was tried in the Municipal Court, Fifth District, Borough of Manhattan, and resulted in a judgment in favor of the defendants, with costs, on January 31, 1934.

Thereafter the attorney for the plaintiff prepared a notice of appeal and served it February 5, 1934, and two days later ordered a copy of the minutes from the official stenographer, paid twenty-seven dollars therefor and requested that they be delivered as soon as possible.

At that time, Philip Olan, a clerk in the office of Mr. Alexander Schwartz, was aiding Mr. Bader in his preparations to appeal the case. Since the occurrence of the events referred to herein, Mr. Olan has been admitted to the bar and at the present time is no longer associated with either Mr. Schwartz or Mr. Bader.

Mr. Olan testified that in the early part of March, 1934, he delivered a copy of the stenographer's minutes and two copies of the case on appeal to the respondent as attorney for the defendants. The minutes consisted of seventy-two typewritten pages and the proposed case on appeal fifty-nine additional pages. The respondent told Mr. Olan that he would examine them and then return the stenographer's minutes with a stipulation waiving certification if Mr. Olan would call for them in a few days.

Several days later Mr. Olan called and the respondent said he had not finished his examination. Two weeks thereafter the respondent told Mr. Olan that he would need more time as there was a possibility of a substitution of attorneys for the defendants. After a number of further attempts to obtain the return of the minutes the respondent told Mr. Olan that a Mr. Wellman, a relative of the defendants, had been substituted as attorney. Mr. Olan communicated with Mr. Wellman and was told that the papers had been misplaced. Thereafter and on several occasions both Mr. Wellman and the respondent told Mr. Olan that efforts were being made to locate the papers. The witness said that he was never told that the papers were known to be lost. These attempts by Mr. Olan to secure the return of the papers continued through the summer months and into the fall.

On October 20, 1934, Mr. Olan met the respondent in the City Court and the respondent informed him that the papers had been

returned by mail to the attorney for the plaintiff along with a notice of motion to dismiss the appeal and that the appeal had been dismissed by the court when the plaintiff defaulted in appearing. Mr. Olan asked the respondent how he could have moved to dismiss when he had the minutes and the case on appeal and the respondent said, "Well, I don't think you are going to go through with it, you won't go through with it." Mr. Olan requested the respondent to vacate the order dismissing the appeal as the notice of motion to dismiss had not been received by the plaintiff's attorney. The respondent refused to comply with this request.

An investigation disclosed that on or about October 15, 1934, the respondent submitted to the Appellate Term a motion to dismiss the appeal of the plaintiff and attached thereto an affidavit of service by mail of the notice of motion and an affidavit in support of the motion. The motion to dismiss had been granted on default and an order entered to that effect.

Mr. Schwartz, the director of the plaintiff's assignor, then communicated with the respondent and asked him to return the minutes and vacate the dismissal. The respondent, according to Mr. Schwartz, said he had never received the minutes and did not believe they were ever ordered. He did not comply with the request to vacate the order dismissing the appeal.

A motion to vacate the order was made and denied with leave to renew and a second motion was granted and the appeal perfected. It resulted in an affirmance of the judgment in favor of the defendants. The respondent collected thirty-five dollars costs, payment of which had been guaranteed. The defendants permitted the respondent to retain the costs as his fee in the action.

The respondent admitted the receipt of the minutes and two copies of the record on appeal and stated that shortly after he had given them to Mr. Wellman, who was to be substituted as attorney, he was notified that the papers had been lost by Mr. Wellman. He said that he then notified Mr. Olan of their loss and advised him to proceed under section 161 of the Municipal Court Code on the original minutes on file. Both Mr. Olan and Mr. Schwartz deny they were ever told that the papers had been lost by Mr. Wellman or that the respondent told them to proceed under section 161 of the Municipal Court Code. With respect to the latter, the referee has found " as a fact that the respondent * * * never called to the attention of Mr. Olan or the plaintiff's attorney that he could proceed under Section 161 and never suggested to them that they do so."

Both the respondent and his clerk testified that they mailed the notice of motion to the attorney for the plaintiff, and Mr. Bader,

plaintiff's attorney, Mr. Schwartz and Mr. Olan all testified that they did not receive such a notice. The referee, while not determining whether such notice had been mailed, did find as a fact that it had not been received, stating, " I am satisfied that neither the plaintiff's attorney nor anyone in his office ever received the notice of motion to dismiss the appeal."

The charge against the respondent is based principally upon his statements in the affidavit in support of his motion to dismiss the appeal of the plaintiff. In it he stated:

" Since the service of the notice of appeal, plaintiff-appellant did nothing to bring this case on for argument; plaintiff-appellant failed to file the record or papers as provided by the Rules and failed to procure the filing of the return in accordance with Section 161 of the Municipal Court Code.

" It is evident from the plaintiff-appellant's failure to proceed with this appeal, that she does not intend in good faith to prosecute the same."

In view of the fact that the plaintiff's attorney had filed a notice of appeal, prepared a case on appeal, purchased the stenographer's minutes and sent them to the respondent, who turned them over to a third party who lost them, and the continued efforts of plaintiff's attorney and his representative over a period of many months to obtain the return of the minutes for the express purpose of bringing on the appeal, it is evident that the respondent, in submitting an affidavit containing the statements set forth above, has been guilty of improper conduct.

The attempt by the respondent to explain and justify the use of the language contained in his affidavit carries little weight. He said that his stenographer brought him a form used on motions to dismiss appeals containing the statement that the appellant " did nothing to prosecute the appeal " and that he struck out those words and replaced them with his own to the effect that the appellant " did nothing to bring this case on for argument." He claims that technically his wording is correct. He also stated that he expected an appearance by the appellant on the hearing of the motion as he has served notice thereof by mail and he believed the appellant would then bring out the fact that the minutes had been purchased, turned over to the respondent and lost by him.

That the respondent was not averse to the use of misleading statements is further shown by his affidavit in opposition to the motions made on behalf of plaintiff to vacate the dismissal of the appeal. He there stated, " more than ten months have expired since the appeal was taken and we find ourselves without any

determination, all because of plaintiff-appellant's failure and neglect in the prosecution thereof; this in itself indicates that plaintiff-appellant does not have any faith in the merits of the appeal. The failure and neglect on the part of the plaintiff-appellant diligently to prosecute the appeal cannot be attributed to the loss of copy minutes. Under no circumstances did this hinder the plaintiff-appellant from proceeding with the appeal; it certainly could not have had anything to do with plaintiff-appellant's laches."

The entire record supports the finding of the referee that the conduct of the respondent was highly reprehensible and that the charges in the petition were fully established. Sharp practice such as here disclosed is so harmful to the reputation of the bar that we must endeavor to stamp it out by disciplining all attorneys guilty of such conduct.

The respondent should be suspended for one year with leave to apply for reinstatement upon proof of compliance with the conditions contained in the order.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent suspended for one year.